UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MELLYSSA LOCKET,**

**Plaintiff,**                                                                  Case No. 8:22-cv-768

v.

**MOLLIE LLC, doing business as
UOWN LEASING,**

**Defendant.**
_____/

# COMPLAINT

**NOW COMES**, Mellyssa Locket ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of the Defendant, Mollie LLC, doing business as UOwn Leasing ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is domiciled in the Middle District of Florida and a substantial portion of the events or

1

omissions giving rise to the Plaintiff's claims occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a Florida corporation with its principal place of business located at 10500 University Center Dr., Suite 140, Tampa, Florida 33612. Defendant offers lease-to-own payment options to assist consumers in obtaining merchandise from merchants using the mail and telephone, to contact consumers in the State of Florida.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Prior to the events giving rise to this action, Plaintiff obtained a new cellular telephone number ending in 9175.

8. In or around November 2021, Plaintiff began receiving unknown phone calls to her cellular phone number ending in 9175 from Defendant.

9. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 9175. Plaintiff is and has always been financially responsible for the cellular phone and its services.

10. In the phone calls Plaintiff answered, Plaintiff was greeted by an automatic prerecording, which instructs Plaintiff to press "one" in order to be connected with a live representative.

11. Originally, Plaintiff pressed one to speak with Defendant's representative to inform them that its calls were directed to the wrong party as Plaintiff never opened an account with Defendant nor does she have any business relationship with Defendant or its affiliates.

12. During the telephone call, Defendant confirmed it was contacting the incorrect party and ensured Plaintiff its calls would cease immediately.

13. Unfortunately, Defendant continued to place numerous unwanted telephone calls to Plaintiff's cellular phone attempting to reach a separate third party.

14. Defendant placed or caused to be placed no less than 794 harassing phone calls to Plaintiff's cellular telephone from November 2021 through the present day without her consent using prerecorded messaging technology.

15. In addition, Plaintiff continues to request that Defendant cease its calls and has done so on no less than seven separate occasions.

16. Defendant continued placing harassing collections calls to Plaintiff, including calls from the phone number, (508) 556-1505, but upon information and belief, it may have used multiple other phone numbers to place phone calls to Plaintiff's cellular phone number without her consent.

## DAMAGES

17. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

18. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

19. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

20. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone number using an automatic telephone dialing system ("ATDS") *or* an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

22. As pled above, Defendant utilized an artificial or pre-recorded voice when contacting Plaintiff on her cellular telephone.

23. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered and the pre-recorded messages used by Defendant, Defendant used prerecorded voice technology to place calls to Plaintiff's cellular phone.

24. Specifically, in the phone calls Plaintiff answered, Plaintiff was greeted by an automatic prerecording, which instructs Plaintiff to press "one" in order to be connected with a live representative.

25. Upon information and belief, the prerecorded voice technology employed by Defendant play a prerecorded message once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

26. As pled above, Plaintiff never provided her cellular phone number to Defendant and therefore Defendant never had consent to place calls to Plaintiff's cellular phone number.

27. As pled above, Plaintiff was severely harmed by Defendant's unauthorized calls to her cellular phone using prerecorded voice technology.

28. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

29. Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

30. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

31. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

32. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

33. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, MELLYSSA LOCKET, respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Enjoining Defendant from further contacting Plaintiff; and
d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: March 31, 2022

Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue,
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*