UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELLYSSA LOCKET,

    **Plaintiff,**                                          CASE NO.: 8:22-CV-768

v.

MOLLIE LLC, doing business as
UOWN LEASING,

    **Defendant.**
_____/

# DEFENDANT'S ANSWER
# AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Mollie LLC, d/b/a Uown Leasing ("Defendant"), by and through its undersigned counsel, answers and asserts its affirmative defenses to the *Complaint* (ECF No. 1) filed by Plaintiff Mellyssa Locket ("Plaintiff"). Defendant denies all allegations not specifically admitted, and any factual assertion admitted is admitted only as to the specific facts stated and not as to any conclusions, characterizations, implications, or speculations that are contained in the assertion or in the Complaint as a whole.

### NATURE OF THE ACTION

1. Defendant admits that Plaintiff purports to bring this action and seek damages under the TCPA, but Defendant denies any wrongdoing and any liability to Plaintiff, and denies that Plaintiff is entitled to any redress of any kind from Defendant.

1

## JURISDICTION AND VENUE

2. Admitted.

3. Defendant does not contest venue, but lacks information sufficient to admit or deny Plaintiff's place of domicile.

## PARTIES

4. Defendant admits that, upon information and belief, Plaintiff is a natural person over 18 and is a person as defined by 47 U.S.C. § 153(39). Defendant lacks information sufficient to admit or deny whether Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and notes that this allegation is a legal conclusion for which no response is required.

5. Admitted that Mollie LLC is a Delaware limited liability company, that it conducts operations at the Tampa address referenced, that part of its business is to offer lease to own payment options for the purchase of merchandise, and that it uses the mail and telephone as part of its business, but denied as to all other allegations.

6. Defendant admits it takes action through authorized persons, but denies the allegations of Paragraph 6 as stated.

## FACTS SUPPORTING CAUSES OF ACTION

7. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 7, which speak to Plaintiff's actions not involving Defendant. Plaintiff also fails to explain the timeframe intended by "prior to the

events giving rise to this action" and Defendant cannot admit or deny the allegations in Paragraph 7 for this additional reason.

8. Defendant admits that it placed phone calls to phone number ending in 9175 in November 2021. Defendant lacks information sufficient to admit or deny the remaining allegations in paragraph 7, which speak to Plaintiff's scope of knowledge and therefore denies the remaining allegations.

9. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 9, which speak to Plaintiff's actions and status not involving Defendant. Therefore, denied.

10. Denied.

11. Plaintiff fails to identify by date or otherwise the phone call at issue in Paragraph 11, such that Defendant lacks information sufficient to admit or deny the allegations in Paragraph 11. Defendant admits that a person answering a call to the phone number ending in 9175 stated the call was directed to the wrong party, but denies the remaining allegations in Paragraph 11.

12. Plaintiff fails to identify by date or otherwise "the telephone call" referenced in Paragraph 12, such that Defendant lacks information sufficient to admit or deny the allegations in Paragraph 12. Defendant denies that it confirmed it was contacting an incorrect party or that calls would cease immediately.

13. Plaintiff fails to identify the time frame being referenced in the allegation that Defendant "continued to" place calls and therefore lacks

information sufficient to admit or deny the allegations in Paragraph 13. Defendant admits that it placed more than one call to phone number ending 9175.

14. Denied.

15. Denied.

16. Defendant admits it has called the phone number ending in 9175 from the number (508) 556-1505 and other numbers, but denies the remaining allegations of Paragraph 16.

## DAMAGES

17. Defendant lacks information sufficient to admit or deny the allegations in paragraph 17, which speak to Plaintiff's mental status and lifestyle.

18. Defendant denies it engaged in illegal or harassing activity or that it caused Plaintiff actual harm. Defendant lacks information sufficient to admit or deny the remaining allegations in paragraph 18, which speak to Plaintiff's mental status and lifestyle.

19. Defendant lacks information sufficient to admit or deny the allegations in paragraph 19, which speak to the capacity of the phone and plan associated with the phone number ending in 9175.

20. Defendant lacks information sufficient to admit or deny the allegations in paragraph 20, which speak to Plaintiff's mental status and actions taken that do not involve Defendant.

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

21. Paragraph 21 states a legal conclusion for which no response is required. To the extent a response is required, denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

In response to the WHEREFORE CLAUSE in Paragraph 33, Defendant denies that any judgment against it is appropriate, denies that Defendant has committed any statutory violation as alleged by Plaintiff, and denies Plaintiff is entitled to any relief, monetary or equitable, including actual, statutory, treble, punitive or other damages, injunctive relief, or costs, attorneys' fees, interest or other relief.

# AFFIRMATIVE DEFENSES

Without waiver of its right to assert any additional affirmative defenses as may be revealed through discovery, Defendant asserts the following affirmative defenses to the Complaint:

1. Plaintiff's claims and requests for relief are barred in whole or in part based on the doctrines of bad faith and/or unclean hands. Defendant obtained consent to call phone number ending in 9175 when that number was provided to Defendant voluntarily when opening an account to assist with the purchase of tires on or around October 29, 2021. Plaintiff then proceeded to take inconsistent positions. Plaintiff immediately confirmed the account with Defendant when contacted with a welcome call at phone number ending in 9175, but within days instead changed tactics to allege she never had any account with Defendant at all, or at times conceded she had ordered the product but had not received it yet and wanted to cancel.

2. Plaintiff's claims and requests for relief are barred in whole or in part because Defendant had prior express consent to call the phone number ending in 9175, the calls were placed in connection with Plaintiff's account as part of an existing business relationship and ongoing efforts to provide account information and management, and no ATDS was used to place calls to Plaintiff.

3. Plaintiff's claims and requests for relief are barred in whole or in part because Plaintiff cannot demonstrate that she suffered any actual harm or injury in fact arising from the claims alleged against Defendant.

4. If Plaintiff did suffer any actual harm, then Plaintiff's damages are subject to the defense of failure to mitigate.

5. Plaintiff's claims and requests for relief are barred in whole or in part because her alleged injuries, if any, were not proximately caused by any unlawful acts or omissions of Defendant.

6. Plaintiff's claims against Defendant for knowing and willful violations of law are barred by Plaintiff's failure to meet the conditions precedent for such a claim.

7. Plaintiff's claims and requests for relief are barred in whole or in part because at no time did Defendant possess the required mental state to act willfully or knowingly to violate the laws upon which Plaintiff has sued Defendant. Defendant's actions, even if deemed violative of any statute in any respect, were reasonable and taken in good faith, and cannot be deemed willful. Defendant did not act willfully, did not act with the intent to harm Plaintiff, and did not act with the knowledge that its conduct violated any statute. Nor did Defendant act in bad faith, or with negligence, gross negligence, recklessness, or a conscious indifference to the rights of others. Defendant acted in good faith, with good motive, and with reasonable care at all times. Thus, Plaintiff cannot sustain any treble or punitive damages theory on that basis.

\* \* \* \* \*

Defendant expressly reserves the right to amend these affirmative defenses or to raise additional affirmative defenses as they become known during the course of investigation and/or as discovery continues.

## CONCLUSION

WHEREFORE, Defendant Mollie LLC respectfully requests that judgment be entered in its favor as to Plaintiff Mellyssa Locket's claims, and that Plaintiff recover nothing on those claims. Defendant also requests that the Court award its reasonable costs, attorneys' fees as may be available pursuant to applicable law, and such other and further relief as permitted by applicable law.

## Demand for Jury Trial

Defendant hereby demands a trial by jury of all claims and defenses so triable.

May 27, 2022

Respectfully submitted,

By: */s/ Stacy J. Rodriguez*
Stacy J. Rodriguez (Fla. Bar No. 44109)
ACTUATE LAW, LLC
641 W. Lake Street, 5th Floor
Chicago, IL 60661
Tel: (312) 579-3108
stacy.rodriguez@actuatelaw.com

*Attorneys for Mollie LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 27, 2022, a true and correct copy of Defendant's Answer and Affirmative Defenses to Complaint was furnished to all

parties receiving electronic notification in this case via the Clerk of the Court's CM/ECF system, as stated on the following service list.

*/s/ Stacy J. Rodriguez*
Attorney

**SERVICE LIST**

Alexander J. Taylor, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
E-mail: ataylor@sulaimanlaw.com
*Counsel for Plaintiff*