UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELLYSSA LOCKET,

    Plaintiff,

v.                                     Case No: 8:22-cv-768-KKM-MRM

MOLLIE, LLC,

    Defendant.
_____

### FAST TRACK CASE MANAGEMENT AND SCHEDULING ORDER

    Under Federal Rule of Civil Procedure 16 and Local Rule 3.02(c) and (d)(1), the Court enters this special Fast Track Case Management and Scheduling Order, tailored to meet the particular circumstances of cases under the Fair Debt Collection Practices Act, Telephone Consumer Protection Act, state law consumer protection statutes, and other comparable statutes. The provisions of this order will be strictly enforced. Accordingly, it is **ORDERED**:

1. Parties are directed to meet the deadlines below:

| | |
|---|---|
| Deadline for Initial Disclosures | July 29, 2022 |
| Third Party Joinder / Amend Pleading | August 5, 2022 |
| Mediation Notice Deadline | August 12, 2022 |
| Plaintiff Expert Disclosure | September 9, 2022 |
| Defendant Expert Disclosure | October 7, 2022 |
| Rebuttal Expert Disclosure | November 4, 2022 |
| Discovery Cut-Off | November 21, 2022 |
| Mediation Deadline | December 9, 2022 |
| Dispositive and *Daubert* Motions | December 23, 2022 |
| Motions *In Limine* | June 22, 2023 |
| Joint Pretrial Statement | July 6, 2023 |
| Pretrial Conference | July 13, 2023 |
| Trial Briefs | July 24, 2023 |
| Trial Term | August 2023 |

2. Parties are further directed to meet the pretrial disclosure requirements and deadlines in Fed. R. Civ. P. 26(a)(3) and to adhere timely to all requirements in Local Rule 3.06 concerning

Final Pretrial Procedures, as supplemented herein at ¶ 6. **Parties are advised to review the amendments to the Rules of Civil Procedure regarding discovery, which became effective December 1, 2020.**

3. This case is referred to court-annexed mediation in accordance with the rules governing mediation set forth in Chapter Four of the Local Rules. The parties shall select a Mediator, and counsel for Plaintiff is designated as Lead Counsel to coordinate the scheduling of mediation. The list of certified mediators is available on the internet at www.flmd.uscourts.gov under "For Lawyers/Mediation and Settlement." The list is not exclusive, and any certified mediator is permissible. Lead counsel must file a Mediation Notice which (a) identifies **the selected Mediator** and includes address, telephone, and facsimile information, (b) **sets the time, date, and place** for the mediation conference by the above-designated date, and (c), if a mediator is not on the Middle District of Florida (Tampa Division)'s online list of certified mediators, provide an explanation of the selected mediator's certification. If the parties fail to select a Mediator or do not notify the Court of such selection by the above-designated date, the Court will *sua sponte* and without further notice select an individual to serve as Mediator and issue the appointment. The mediation conference may be conducted any time on or before the above-designated date.

4. **Last Date to Mediate**: The parties shall complete the mediation conference on or before the mediation date set forth earlier in the above table. **Neither the mediator nor the parties have authority to continue the mediation conference beyond this date except on express order of the Court.** In any complex case or case involving multiple parties, the mediator has the authority to conduct the mediation in a series of sessions and in groups of parties so that mediation is complete by the last date to mediate.

5. Parties will please note that motions to amend any pleading or a motion for continuance of any pretrial conference, hearing or trial filed after issuance of this Case Management and Scheduling Order **are disfavored**. *See* Fed. R. Civ. P. 16(b)(4); Local Rule 3.08(a).

6. A **Pretrial Conference** will be held before the undersigned **in Courtroom 13B, 801 North Florida Avenue, Tampa, Florida**, on **July 13, 2023**, at **1:30 p.m.** Parties are directed to meet the pretrial disclosure requirements and deadlines in Fed. R. Civ. P. 26(a)(3) and to adhere to all requirements in Local Rule 3.06 concerning final pretrial procedures. The parties shall file a **joint Pretrial Statement** one week before the above-referenced pretrial conference date. Failure to do so may result in the imposition of sanctions. The parties shall file any **motions in limine** three weeks before the Pretrial Conference date and any **response to a motion in limine** one week before the Pretrial Conference date. Counsel who will act as lead trial counsel in the case and who is vested with full authority to make and solicit disclosure and agreements touching all matters pertaining to the trial must attend the Pretrial Conference. Counsel who do not attend the Pretrial Conference will not be permitted to participate in trial.

7. This case is set for **Jury Trial** during the term commencing **August 7, 2023**, before the

undersigned. This **August 2023** trial term shall include the entire month.

8. **CONSENT TO TRIAL BY MAGISTRATE JUDGE**: In accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties may consent to have a United States Magistrate Judge conduct any or all further proceedings in this case, including the trial. Parties are advised that a magistrate judge can provide certainty and flexibility in scheduling, including a **date certain** for trial—unlike the district court calendar that assigns only a trial month and is subject to frequent changes due to the Court's criminal calendar. Parties may consent to proceed before a magistrate by filing a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Filing a Case/Forms/Civil Forms." Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

9. **SUMMARY JUDGMENT PROCEDURES**: The following procedures shall be followed by the parties:

    (a) A party's claims or defenses for which summary judgment is sought shall be presented in a single motion and incorporated memorandum of law which, absent prior permission of the Court, shall **not exceed twenty-five (25) pages** total. Multiple motions for summary judgment will not be permitted. A violation of any of these directives will result in the Court *sua sponte* striking a party's motion for summary judgment and incorporated memorandum of law without notice. Any record citations should be to page and line of the filed materials.

    (b) Prior to filing a motion for summary judgment, the moving party shall confer in good faith with the party or parties against whom summary judgment is sought for the purpose of narrowing the factual issues in dispute. A party by **separate pleading** filed contemporaneously with the motion for summary judgment and incorporated memorandum of law shall certify that such a conference has taken place and that the parties were or were not able to agree on a narrowing of the factual issues in dispute. The moving party shall file a separate "Joint Statement of Undisputed Facts" (not exceeding 20 pages in length), agreed upon by all parties and with citations to the record, which shall accompany the motion for summary judgment.

    (c) Any party opposing a summary judgment motion shall file a memorandum of law in opposition no later than the time allotted pursuant to Local Rule 3.01(c). To the extent that the party opposing a motion for summary judgment disputes any facts asserted in the motion, the opposing party must include those disputed facts, with citations to the record, in the memorandum responding to the motion for summary judgment. All material facts set forth by the moving party shall be deemed admitted unless controverted by the opposing party in the response to the motion for

        summary judgment.

    (d)    Failure to respond to a motion for summary judgment shall be deemed that the non-moving party does not oppose the motion and may result in final judgment being entered without a trial or other proceeding.

    (e)    Oral argument or hearings will generally not be held on the motion.

    (f)    A violation of any of these directives will result in the Court *sua sponte* striking a party's motion for summary judgment without notice.

10. **For jury trials**, not later than **fourteen (14) days** prior to the date on which the trial term is set to commence, the parties shall file the following:

    (a)    **Proposed Jury Instructions**: The parties must confer about the jury instructions and submit to the Court: 1) all instructions that are undisputed; 2) instructions proposed by the plaintiff but not acceptable to the defense; and 3) instructions proposed by the defense but not acceptable to the plaintiff. A complete set of all written Proposed Jury Instructions shall bear a cover sheet with the complete style of the case and appropriate heading designating the submitting party; there shall be no more than one instruction per page and contain, at the end of each such instruction, citation of authorities; they shall be sequentially numbered and party-identified (e.g., Plaintiff's Requested Instruction No. 1). Counsel must email proposed jury instructions and verdict forms in Microsoft Word (.doc or .docx) format to the chambers inbox. Include the case number and case name in the subject line;

    (b)    A concise (one paragraph preferably) **joint** statement of the nature of the action to be used in providing a basic explanation of the case to the jury venire;

    (c)    **Proposed Verdict Form**; and

    (d)    **Proposed Questions for Voir Dire**: The court conducts the initial voir dire examination and parties should submit all proposed questions by the above deadline. Counsel may submit additional follow-up questions after the court examines the jury venire, but counsel will ordinarily not be permitted to examine potential jurors.

11. **For jury trials**, each party **may** file a **Trial Brief** not later than **fourteen (14) days** prior to the date on which the trial term is set to commence. The brief should include citations of authorities and arguments specifically addressing all disputed issues of law likely to arise at

trial.

12. **For bench trials**, not later than **fourteen (14) days** prior to the date on which the trial term is set to commence, each party shall file with the Clerk of Court a **Trial Brief** containing **Proposed Findings of Fact and Conclusions of Law** along with citations of authorities and arguments specifically addressing all disputed issues of law likely to arise at trial. Each proposed finding of fact shall be separately stated in numbered paragraphs and shall contain a detailed listing of the relevant material facts the party intends to prove, in a simple, narrative form. Each proposed conclusion of law shall contain a full exposition of the legal theories relied upon by counsel. After the conclusion of a bench trial, the court may allow the parties to file additional proposed findings of fact and conclusions of law. The proposed findings of fact and conclusions of law must be emailed to the chambers inbox in Microsoft Word (.doc or .docx) format.

13. No later than **9:00 a.m.** on the business day before trial, the parties shall provide to the Court **an exhibit notebook** containing marked copies of all exhibits. The parties may contact the courtroom deputy clerk to determine whether this requirement may be waived.

14. **SETTLEMENTS**: Lead counsel (as designated above, Plaintiff's counsel) shall **immediately** notify Chambers or the Courtroom Deputy Clerk if their case has settled. *See* Local Rule 3.09. Notices of settlement must be in writing.

**ORDERED** in Tampa, Florida, on July 12, 2022.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge